822 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael JACKSON, Plaintiff-Appellant,
v.
Eugene BARKSDALE; Lee Mullin; and Dr. Jones, Defendants-Appellees.
 No. 85-5949
 United States Court of Appeals, Sixth Circuit.
 July 14, 1987.
 
 Before KEITH and NORRIS, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Michael Jackson, while incarcerated as a federal prisonor in the Shelby County Jail in Tennessee, filed this action pursuant to 42 U.S.C. Sec. 1983, alleging that defendants, officials and employees of the jail, illegally deprived him of rights guaranteed under the first, fifth, and fourteenth amendments of the United States Constitution. He sought monetary damages, and at trial was unaided by counsel. A jury returned a verdict in favor of defendants, and Jackson appeals.
 
 
 2
 The complaint alleges that plaintiff had been beaten by deputies, as the result of his making complaints about the conditions in the jail, that he was denied reasonable medical care after the beating, that he was not permitted to practice his religion, and that he was refused access to the courts by the county's failure to provide him with an adequate law library or alternative source of legal knowledge.
 
 
 3
 On appeal, plaintiff contends that he is entitled to a new trial because of number of erroneous evidentiary rulings made by the district court, and because of an improper instruction given the jury. He claims that the trial court erred in admitting evidence relating to his having been involved in homosexual activities with other inmates. Specifically, he complains that the trial court, over his objection, permitted counsel for defendants, during his cross-examination, to read to the jury a letter in which he had referred to his homosexuality and asked to be moved from the floor housing homosexuals because he could not handle sex due to hemorrhoid trouble. In addition, counsel was permitted to cross-examine two of plaintiff's witnesses, fellow prisoners, about their homosexuality. On appeal, defendants seek to justify this evidence on the basis that it was relevant to show bias in that homosexuals can be expected to 'shade' their testimony to favor one another. No such proffer of relevancy was made at trial; in fact, the trial court failed to rule on plaintiff's objections.
 
 
 4
 On the state of the record, where the trial court failed to elicit any showing of relevance or to edit the contents of the letter, even if one were to assume that it was relevant, it is inconceivable that any probative value of the evidence of the sexual preference of plaintiff and his witnesses was not outweighed by the danger of unfair prejudice to the plaintiff. Fed. R. Evid. 403. In view of the clear prejudice to plaintiff's cause, he is entitled to a new trial.
 
 
 5
 Plaintiff also contends that the district court erred by instructing the jury that they could consider the general character of witnesses when determining credibility, and by failing to direct a verdict in his favor on the issue of the inadequacy of the Shelby County Jail's law library. Since there is no indication in the record that a motion for a directed verdict was timely made, plaintiff has failed to demonstrate error in this regard. Further, under the circumstances of this case, we find no merit in plaintiff's contention that the district court's jury instruction was improper.
 
 
 6
 The judgment of the district court is reversed, and this cause is remanded for a new trial.